**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1354
_____

FIAZ AHMED KHAN,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(A075-917-588)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 29, 2020

Before:  SHWARTZ, PHIPPS, and SCIRICA, *Circuit Judges*.

(Opinion Filed: October 7, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Fiaz Ahmed Khan, a native and citizen of Pakistan, unlawfully entered the United States in 1996 and started working as an auto mechanic. In 2009, he received an adjustment to his immigration status to become a lawful permanent resident, and in 2014, he became an entrepreneur and opened his own shop, King Khan Auto Repair. He is married to a citizen of Pakistan who also has lawful permanent resident status, and together they have two children who are citizens of the United States. But in 2018, Khan was convicted for his participation in a credit card fraud scheme that resulted in over half a million dollars in losses.[1] For that crime, the United States District Court for the Southern District of New York sentenced him to a year and a day imprisonment and ordered him to pay $202,570 in restitution. Due to Khan's aggravated felony conviction, the Bureau of Immigration and Customs Enforcement initiated regular removal proceedings against him.[2] After a hearing, an Immigration Judge ordered Khan's removal and denied each of his requests for relief: adjustment of status through a § 212(h) waiver, withholding of removal, and relief under the Convention Against Torture. On administrative appeal, the Board of Immigration Appeals upheld that decision. Khan now petitions for review of that order. For the reasons below, we will dismiss in part and deny in part his petition.

---

[1] *See* 18 U.S.C. § 1029(b)(2) (criminalizing conspiracy to commit access device fraud).

[2] *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (providing for removal of admitted aliens who commit an aggravated felony); *see also* 8 U.S.C. § 1101(a)(43)(M)(i) (defining "aggravated felony" to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000").

2

# I

Khan premises his first challenge on the denial of his application for a waiver under § 212(h) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1182(h). He requested such a waiver based on his assertion that his wife, a lawful permanent resident, and his children, United States citizens, will suffer extreme hardship if he is removed to Pakistan. *See* 8 U.S.C. § 1182(h)(1)(B) (authorizing the Attorney General to waive an alien's inadmissibility for "extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien"). But courts lack jurisdiction to review the BIA's discretionary determinations, including its rulings on requests for a § 212(h) waiver. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

Khan attempts to circumvent that jurisdictional limitation by arguing that the BIA's denial of his waiver request constitutes a mistake of law. *See* 8 U.S.C. § 1252(a)(2)(D) (providing jurisdiction to review "constitutional claims or questions of law raised upon a petition"). According to Khan, the Immigration Judge's order did not consider all nine factors bearing on a § 212(h) waiver, and by affirming such an order, the BIA committed a mistake of law. But Khan's effort is nothing more than a plea to re-evaluate the equities of his circumstances by "dress[ing] up a claim with legal clothing to invoke this Court's jurisdiction." *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) (citation omitted); *see also Galeano-Romero v. Barr*, 968 F.3d 1176, 1182 (10th Cir. 2020) ("A petition for review does not raise a question of law by disputing the Board's appraisal of the degree of hardship likely to [petitioner's] wife."); *Ku v. Att'y Gen.*, 912 F.3d 133, 138 (3d Cir. 2019) ("[A]rguments such as that an Immigration Judge or the

BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." (quoting *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007))). Such an effort does not rise to the level of a colorable question of law and remains outside of this Court's narrowly circumscribed appellate jurisdiction. *See Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam).

## II

Khan next challenges the BIA's order denying withholding of removal under the INA. He does so by arguing that he experienced past persecution through two allegedly politically motivated attacks in Pakistan by forces that the government is unable or unwilling to control: one in 1989 for attending a political event, and the other in 2015 after being recognized as a witness to crimes by the other political party. But this Court generally lacks jurisdiction over final orders of removal for aliens who have committed an aggravated felony, as Khan did. *See* 8 U.S.C. § 1252(a)(2)(C); *cf. Cruz v. Att'y Gen.*, 452 F.3d 240, 242 (3d Cir. 2006) (recognizing that jurisdiction extends to the threshold issue of whether a petitioner fell within § 1252(a)(2)(C)'s jurisdiction-stripping provision). Nonetheless, an exception provides for judicial review of "constitutional claims or questions of law raised upon a petition." 8 U.S.C. § 1252(a)(2)(D). And, as recently clarified by the Supreme Court, the question-of-law exception extends to "the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). But this Court has determined, both before and after that clarification, that the issue of past persecution is a factual question. *See Guzman*

4

*Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020) (explaining the issue of "past persecution . . . presents a factual question," while also noting that membership in a particular social group presents "a mixed question of law and fact"); *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005) (explaining, in the context of an asylum applicant, that the question of "past persecution or a well-founded fear of future persecution is a factual determination"); *see also Sharif v. Barr*, 965 F.3d 612, 620 (8th Cir. 2020) ("[W]hatever the effect of the recent holding in *Guerrero-Lasprilla* concerning our jurisdiction to review petitions presenting mixed questions of law and fact, we think it apparent that we remain barred from reviewing the factual elements of those questions when the criminal-alien bar applies." (footnote omitted)). As a fact-laden issue, Khan's withholding of removal argument falls outside of this Court's jurisdiction.

III

Finally, Khan disputes the BIA's order rejecting his application for relief under the Convention Against Torture. That order is within our jurisdiction and is reviewed under the substantial-evidence standard. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1691-92 (2020). Khan seeks such relief because he believes that a rival political party in Pakistan is looking for him for future attacks. But the BIA determined that because Khan continued to live in Pakistan for a few years after the 1989 attack, it is not more likely than not that Khan will suffer torture upon his return to Pakistan. Because the BIA had before it "more than a mere scintilla" of relevant evidence that "a reasonable mind might accept as adequate," its conclusion satisfies the "not high" substantial evidence standard. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v.*

*NLRB*, 305 U.S. 197, 229 (1938)); *see also Nasrallah*, 140 S. Ct. at 1692; *Dia v. Ashcroft*, 353 F.3d 228, 247-48 (3d Cir. 2003); 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). Khan's petition for Convention Against Torture relief will be denied.

\* \* \*

In sum, we lack jurisdiction to review the BIA's denial of his applications for a § 212(h) waiver and withholding of removal, and substantial evidence supports the BIA's denial of Khan's application for relief under the Convention Against Torture.